# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned November 10, 2011

## DANNY WAYNE FINCHUM v. SHANDA KAY FINCHUM COOPER

**Appeal from the Circuit Court for Franklin County**
**No. 17155CV     J. Curtis Smith, Judge**

---

**No. M2011-02270-COA-R3-CV - Filed November 10, 2011**

---

This is an appeal from an order granting a partial summary judgment in an action to modify a final decree of divorce. Because the order appealed does not resolve all the claims between the parties but rather orders the remaining issues set for trial, we dismiss the appeal for lack of a final judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

FRANK G. CLEMENT, JR., J., ANDY D. BENNETT, J., and RICHARD H. DINKINS, J.

Eric J. Burch, Manchester, Tennessee, for the appellant, Danny Wayne Finchum.

Joseph Eugene Ford, Winchester, Tennessee, for the appellee, Shanda Kay Finchum Cooper.

## MEMORANDUM OPINION[1]

The appellant, Danny Wayne Finchum, filed this appeal on October 18, 2011. The appellee, Shonda Kay Finchum Cooper, has filed a motion to dismiss the appeal for lack of a final judgment. Mr. Finchum has not filed a response in opposition to the motion to dismiss.

---

[1]Tenn. R. Ct. App. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

According to Ms. Cooper's unopposed motion and supporting documents, the parties were divorced in May of 2009. On September 1, 2010, Mr. Finchum filed a petition to modify the final decree of divorce, seeking to terminate his alimony obligation and to modify his child support obligation. Ms. Cooper filed a counter-petition seeking a judgment for alimony and child support arrearages and for unpaid late fees on the parties' mortgage. On September 21, 2011, the trial court granted Ms. Cooper's motion for partial summary judgment, holding that Mr. Finchum's alimony obligation was not modifiable and requiring Mr. Finchum to pay past due alimony in the amount of $16,615.44 within thirty days. The order provided that "the remainder of the issues set forth in the original petition and counter petition shall be set for trial in the normal course." Mr. Finchum filed his notice of appeal on October 18, 2011.

A party is entitled to an appeal as of right only after the trial court has entered a final judgment. Tenn. R. App. P. 3(a); *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn.2003); *King v. Spain,* No. M2006-02178-COA-R3-CV, 2007 WL 3202757 at *8 (Tenn. Ct. App. October 31, 2007). A final judgment is a judgment that resolves all the claims between all the parties, "leaving nothing else for the trial court to do." *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997). An order that adjudicates fewer than all the claims between all the parties is subject to revision at any time before the entry of a final judgment and is not appealable as of right. Tenn. R. App. P. 3(a); *In re Estate of Henderson*, 121 S.W.3d at 645. The September 21, 2011 order clearly does not resolve all the claims between the parties. Moreover, the trial court has not directed the entry of a final judgment as to fewer than all of the claims pursuant to Tenn. R. Civ. P. 54.02. Accordingly, the motion to dismiss must be granted.

The appeal is hereby dismissed without prejudice to the filing of a new appeal once a final judgment has been entered. The case is remanded to the trial court for further proceedings consistent with this opinion. The costs of the appeal are taxed to Danny Wayne Finchum and his surety for which execution may issue.

PER CURIAM